[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS (#101)
I. Motion to dismiss for improper venue is denied as the testimony of the plaintiff established clearly that she was a resident of Trumbull at the time this action was commenced.
II. The remaining grounds for the motion relate to counts 2 and 3. The motion is granted as to both counts.
 Count 2
A union's breach of its duty of fair representation was made a prohibited practice by P.A. 93-426, § 5, effective October 1, 1993. Under § 7-471 (5) the state Board of Labor Relations has jurisdiction over prohibited practices. At the time the Supreme Court decided Labbe v. Hartford Pension Commission,239 Conn. 168 (1996) the issue of whether the plaintiff was bound to exhaust his administrative remedy regarding the prohibited practice by filing a complaint with the state Board of Labor Relations was not and could not have been before the court because all of the acts complained of occurred prior to the effective date of P.A. 93-426. The only issue before the court on this point was whether the evidence before the jury reasonably supported a finding that the union breached its duty of fair representation.
Likewise, the trial court decisions which the plaintiff cites are not relevant because they deal with causes of action which accrued prior to the enactment of P.A. 93-426.
Because the second count alleges a breach of duty of fair representation it alleges a prohibited practice over which the state Board of Labor Relations has jurisdiction pursuant to §7-471. The plaintiff has therefore failed to exhaust her administrative remedy and the court is without jurisdiction as to this count.
 Count 3
It is noted that the plaintiff has not filed a memorandum of law in opposition. It is obvious to the court from a reading of the definition section of the Federal Labor Management Relations Act (29 U.S.C. § 152 (2) that an employer which is a political subdivision of the state, such as the defendant Town of Bethel, is explicitly excluded from coverage and therefore the court is without jurisdiction as to this count.
CT Page 8160
MOTTOLESE, JUDGE